### MUCHMORE BROS. v. THAU.

(Circuit Court of Appeals, Seventh Circuit. July 20, 1922.)

No. 3049.

**Patents ⬅️328—1,262,407, for fastening device, not infringed.**

The Thau patent, No. 1,262,407, for a fastening device for soft collars, *held* not infringed.

Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

Suit in equity by Max F. Thau against Muchmore Bros., a copartnership composed of Allen W. Muchmore and George S. Muchmore. Decree for complainant, and defendants appeal. Reversed.

Lawrence C. Kingsland, of St. Louis, Mo., for appellants.
William J. Peck, of Peoria, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. Numerous defenses were interposed to the suit brought upon the single claim of the patent to Thau, No. 1,262,407, covering a "fastening device" adapted for use in connection with soft collars. The single claim reads:

"A fastening device for soft collars, comprising a barlike body, and a pair of securing prongs extending inwardly toward each other soldered to the back of the body adjacent each end *to reinforce the body at said points of securement* said prongs being formed separate from the body and united thereto by solder, so as to leave the body in its original thickness and integrality."

But one defense need be considered—noninfringement. That appellant's pin does not have the prongs attached to the bar, "so as to reinforce the body at the point of securement," is clearly established, and our consideration of the case turns to an inquiry into the effect of the italicized words in the claim. Examining the file wrapper and the specification, it is apparent that, but for the reinforcement idea, the patent would not have been allowed. After the claim as originally drawn had been rejected, applicant wrote the Patent Office, stating:

"Applicant reinforces the bar where the greatest strain is brought to bear, by adding to rather than removing material from the bar."

Thereafter the claim was passed. In construing the claim and determining infringement, effect must be given these words. At best we

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

are dealing with a very narrow claim. We find that infringement is not shown.

The decree is reversed, with costs, and with directions to dismiss the bill.